E-FILED
Friday, 03 August, 2018 10:15:28 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

WILLIAM R. SHARP,                            )
                                             )
            Plaintiff,                       )
                                             )            No. 3:18-cv-03056-SEM-TSH
      v.                                     )
                                             )
TRUSTEES OF THE UMWA 1974 PENSION            )
TRUST,                                       )
                                             )
            Defendant.                       )

## AMENDED COMPLAINT

NOW COMES the Plaintiff, WILLIAM R. SHARP, by and through his attorneys,
Grady E. Holley and Steven J. Rosen of Holley, Rosen & Beard, LLC, and for his Amended
Complaint against the Defendants, respectfully, states as follows:

### I. Preliminary Statement

1.      The Plaintiff William R. Sharp brings this action for additional retirement
benefits, equitable relief, and for attorney's fees under the provisions of the Employee
Retirement Income Security Act ("ERISA"), 29 USC § 1001, et seq. and particularly 29
USC § 502(a)(1) and § 29 USC § 502(g), following rejection of Plaintiff's claim for
disability pension benefits.

2.      The Plaintiff seeks compensatory damages for his claim for disability
retirement benefits under the United Mine Workers of America 1974 Pension Plan,
administered by the defendant Trustees.

## II. Jurisdiction

3.     The jurisdiction over Plaintiff's claim is conferred to this Court pursuant to 29 USC § 1132, 28 USC § 1331, and 28 USC § 1343(a)(4).

## III. Parties

4.     William R. Sharp is a citizen of the United States, a resident of Virden, Illinois, residing at 404 S. Church Street, Virden, Illinois 62690.

5.     Plaintiff was employed by Freeman United Coal Mining Company, a corporation, in a classified job for a signatory employer of Defendant.  Plaintiff was employed on a continuous basis by Freeman United Coal Mining Company for over 27 years until his improper termination on November 22, 2004.

6.     As an employee of Freeman United Coal Mining Company, Plaintiff is covered under the UMWA 1974 Pension Plan and the United Mine Workers' of America Health and Retirement Funds (UMWA Health and Retirement Funds) is the Trustee and Administrator of the UMWA 1974 Pension Plan.

## IV. Claim for Relief

7.     While employed by Freeman United Coal Mining Company, a corporation, (hereinafter "Freeman"), Plaintiff sustained injury to his lower back as a result of an accident in the coal mine occurring on December 16, 2003 while performing classified work for a signatory employer.

8.     At the time of the accident, Plaintiff was employed as a Mine Examiner, a job which entailed walking vacated or abandoned areas of the mine to determine whether there were any safety problems in otherwise unused portions of the mine.  While engaged in

2

such work, Plaintiff stepped in a hole and fell, injuring his lower back on December 16, 2003.

9.      Thereafter, Plaintiff filed a workers' compensation claim for benefits against Freeman on February 12, 2004 and on May 10, 2004, Plaintiff underwent lumbar surgery to the L3-4 and L4/L5 level by Dr. Timothy Van Fleet, an orthopedic physician, requiring Plaintiff to be off work from Freeman until September 7, 2004.

10.     Plaintiff returned to work on September 7, 2004 at Freeman, initially returning to work in his Mine Examiner position.

11.     On or about September 16, 2004, as a result of his inability to perform the required walking for the job of Mine Examiner, Plaintiff bid for an "Out-By" position and worked in an "Out-By" position performing manual labor at a reduced pay rate from what he had earned as a Mine Examiner until his improper termination by Freeman on November 22, 2004.

12.     On or about August 10, 2005, the Illinois Workers' Compensation Commission rendered a decision in Plaintiff's favor against Freeman, finding that the accident of December 16, 2003 was the cause of Plaintiff's need for the surgery performed by Dr. Timothy Van Fleet on May 10, 2004.

13.     Following an appeal by Freeman, the Illinois Workers' Compensation Commission affirmed its initial decision, confirming that a causal relationship existed between the accident of December 16, 2003 and Plaintiff's surgery to his lumbar back on May 10, 2004.

3

14.     As a result of continuing and ongoing complaints of pain and radiculopathy, Plaintiff underwent a second low back surgery on March 21, 2007 to eliminate pain in his back and right leg, which surgery was performed by an orthopedic physician, Dr. David Mack.

15.     On August 22, 2007, the Illinois Worker's Compensation Commission, by an Amended Order, confirmed the decision that Plaintiff's two surgeries of May 10, 2004 and March 21, 2007 were caused by the accident at Freeman that occurred on December 16, 2003.

16.     On or about March 21, 2007, Plaintiff sought permanent total disability for Social Security Disability Benefits under Title II of the Social Security Act or its successor.

17.     On January 17, 2008, an Administrative Law Judge (ALJ) of the Social Security Administration rendered a decision in Plaintiff's favor granting Plaintiff permanent disability, effective March 21, 2007, under the Social Security Act and, in doing so, found that Plaintiff was not able to return to gainful employment due to "disorders of the back (discogenic and degenerative), neuropathy and obesity."

18.     On or about June 19, 2009, Plaintiff was examined by an orthopedic physician, Dr. David R. Lange, at the request of Freeman for an independent medical evaluation.  Dr. Lange concluded that Plaintiff suffered from residual low back pain with persistent L-5 radiculopathy which Dr. Lange felt was related to the original injury suffered at Freeman on December 16, 2003.  Dr. Lange further recommended a spinal cord stimulator trial for the work-related injuries of December 16, 2003.

4

19.     On or about November 5, 2009, Plaintiff underwent an additional surgery consisting of the temporary implantation of a spinal cord stimulator for pain control in Plaintiff's lower back and, after a successful trial, another surgery in January, 2010 for permanent implantation of a spinal cord stimulator.

20.     Following the determination of the Social Security Administration in granting Plaintiff permanent disability benefits, Plaintiff on or about May 21, 2015 applied to Defendant for disability pension benefits under the UMWA 1974 Pension Trust Plan due to his being totally disabled as a result of the mine accident of December 16, 2003.

21.     In addition to supplying medical records in support of his request to Defendant for permanent disability benefits, Plaintiff submitted the evidence depositions of Dr. David Mack, an orthopedic surgeon, and Dr. Vittal Chapa, the Plaintiff's family physician, both of whom testified that Plaintiff's condition of ill-being, including his low back condition and multiple surgeries to treat radicular symptoms and pain, were proximately caused by the accident at Freeman which had occurred on December 16, 2003.

22.     Following submission of medical documentation as well as proof of Plaintiff's disability as determined by the Social Security Administration, the Defendant denied Plaintiff's request for disability benefits under the UMWA 1974 Pension Plan.

23.     Defendant's refusal to award disability benefits to Plaintiff is unreasonable and represents an arbitrary and capricious decision on the basis of the voluminous and overwhelming evidence presented that Plaintiff's disability was caused by an injury sustained in the course of Plaintiff's employment with Freeman.

WHEREFORE, based upon the foregoing, Plaintiff requests the following relief:

A.       An Order awarding Plaintiff disability pension benefits under the UMWA

1974 Pension Plan, including benefits accrued since November 22, 2004 to the present date

and an order requiring continuation of disability pension benefits until such time, if any, that

Defendant can establish that Plaintiff is no longer qualified for Social Security

Administrative total disability benefits;

B.       An award of pre-judgment interest on all amounts due under the pension

plan for disability pension benefits from May 21, 2015, the date of Plaintiff's initial request

for benefits to the present;

C.       Plus, an award of all costs and reasonable attorney's fees pursuant to 29 USC

§ 1132(g)(1);

D.       For such further relief as the Court deems just and proper.

WILLIAM R. SHARP, Plaintiff,


By_____/s/ Grady E. Holley_____
            One of His Attorneys

**GRADY E. HOLLEY (1247204)**
**STEVEN J. ROSEN (6204042)**
**HOLLEY, ROSEN & BEARD, LLC**
440 South Grand Avenue West
Springfield, Illinois 67204
217-544-3368


## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, the foregoing was filed electronically with the court and served via the ECF filing system to all participating parties.


_____/s/ Grady E. Holley_____

6