UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM R. SHARP,<br><br>        Plaintiff,<br>   v.<br><br>TRUSTEES OF THE UMWA 1974 PENSION TRUST,<br><br>        Defendant. | Civil Action No. 3:18-cv-03056-SEM-TSH |

## AMENDED ANSWER

Defendants, the Trustees of the United Mine Workers of America ("UMWA") 1974 Pension Trust, by their undersigned counsel, answer the Amended Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations of the Complaint, the Trustees answer as follows:

1. Paragraph 1 of the Complaint makes a statement that does not require a response by the Trustees. However, the Trustees deny that Plaintiff William R. Sharp is entitled to any remedies under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 USC § 1001, et seq. and particularly 29 USC § 1132(a)(1) and 29 USC § 1132(g).

2. The Trustees admit that they administer the UMWA 1974 Pension Plan. Otherwise, Paragraph 2 of the Complaint makes a statement that does not require a response by the

Trustees.  However, the Trustees deny that the Plaintiff is entitled to any compensatory damages.

3. The Trustees admit that this Court has jurisdiction over this lawsuit pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.  The Trustees deny the remaining allegations set forth in Paragraph 3 of the Complaint.

4. The Trustees admit upon information and belief the allegations set forth in Paragraph 4 of the Complaint.

5. The Trustees admit that the Plaintiff was employed by Freeman United Coal Mining Company, a signatory employer during the times relevant to this matter, in a classified job from 1976 until 2004.  The Trustees admit upon information and belief that the Plaintiff was terminated on November 22, 2004.  The Trustees deny the remaining allegations in Paragraph 5 of the Complaint.

6. The Trustees admit that the UMWA 1974 Pension Trust ("1974 Pension Trust") provides pension benefits to mine workers who are eligible for such benefits under the terms of the UMWA 1974 Pension Plan ("the 1974 Pension Plan").  The Trustees admit that the Plaintiff is a participant under the 1974 Pension Plan.  The Trustees deny that the UMWA Health and Retirement Funds ("the Funds") is the Trustee and Administrator of the 1974 Pension Plan.  The Trustees aver that the Funds is only a collective reference to several employee benefit trusts, one of which is the 1974 Pension Trust.  The Trustees aver that the Trustees are the Plan Administrator of the 1974 Pension Plan, which was at all times pertinent to this cause of action an employee benefit plan regulated by ERISA.  The Trustees aver that the 1974 Pension Trust is a trust fund established pursuant to and in

accordance with the requirements of Section 302 of the Labor Management Relations Act as amended, and 29 U.S.C. § 186.

7. The Trustees admit that the Plaintiff had a mine accident on December 16, 2003 while performing classified work for a signatory employer. The Trustees deny the remaining allegations set forth in Paragraph 7 of the Complaint.

8. The Trustees admit upon information and belief that Plaintiff was employed as a Mine Examiner, which entailed the job duties described in Paragraph 8 of the Complaint. The Trustees admit that an accident report provides that the Plaintiff stepped in a hole and twisted his back on December 16, 2003. The Trustees deny that the Plaintiff fell. The Trustees further deny the remaining allegations set forth in Paragraph 8 of the Complaint.

9. The Trustees admit that the Plaintiff filed an Application for Adjustment of Claim with the Illinois Workers' Compensation Commission on February 4, 2004. The Trustees aver that the Plaintiff worked from December 20, 2003 until the day prior to surgery on May 10, 2004. The Trustees admit that the Plaintiff underwent L3-4 and L4-5 bilateral laminotomies by Timothy Van Fleet, M.D. on May 10, 2004. The Trustees deny that Plaintiff's surgery required him to be off work until September 7, 2004. The Trustees aver that the Plaintiff was authorized to be off work from his position with Freeman Coal Mining Company from May 10, 2004 until June 23, 2004, when he was released to work at full duty. The Trustees further aver that Plaintiff did not actually return to work until September 7, 2004, because he was serving a work suspension. The Trustees deny any remaining allegations set forth in Paragraph 9 of the Complaint.

10. The Trustees admit the allegations set forth in Paragraph 10 of the Complaint.

11. The Trustees admit that the Plaintiff bid on an "out-by" position performing manual labor at a reduced rate of pay at some point after September 16, 2007.  The Trustees admit that the Plaintiff was terminated by Freeman Coal Mining Company on or about November 22, 2004.  The Trustees aver that in a labor arbitration decision dated January 21, 2005, an arbitrator found that the Plaintiff violated his doctor's orders and restrictions and that his employer was justified in discharging the Plaintiff.  The Trustees deny any remaining allegations set forth in Paragraph 11 of the Complaint.

12. The Trustees admit that the Illinois Workers' Compensation Commission rendered a decision on or about August 10, 2005.  The Trustees deny that the Commission found that the December 16, 2003 accident was "the cause" of the Plaintiff's May 10, 2004 surgery.  The Trustees aver that the Commission concluded that the Plaintiff's "condition of ill-being is causally connected to the accident and injury."  The Trustees further aver that the Commission ordered Freeman Coal Mining Company to pay the Plaintiff temporary total disability benefits for 6 and 4/7 weeks and $4,245.00 in medical expenses.

13. The Trustees admit that the Illinois Workers' Compensation Commission issued a Decision and Opinion on Review on July 19, 2006 that affirmed and adopted the decision of the arbitrator filed on August 10, 2005.  The Trustees deny the remaining allegations set forth in Paragraph 13 of the Complaint.

14. The Trustees admit that the Plaintiff underwent a decompressive laminectomy with posterolateral fusion and disk removal at the L4-5 level on March 21, 2007 by David Mack, M.D. after being evaluated for pain of the back and down into the right leg.  The

Trustees deny that the Plaintiff's complaints of pain and radiculopathy were continuous and ongoing prior to the March 21, 2007 surgery.

15. The Trustees admit that the Illinois Workers' Compensation Commission issued an Amended Decision and Opinion on Review on Remand on August 22, 2007 that affirmed the August 10, 2005 decision and provided that a causal relationship existed between the December 16, 2003 accident and Plaintiff's "condition of ill-being."  The Trustees deny that the March 21, 2007 surgery was specifically discussed in the Decision.  The Trustees aver that the Decision ordered Freeman Coal Mining Company to provide written authorization to Plaintiff for prospective medical care or surgery.

16. The Trustees deny the allegations set forth in Paragraph 16 of the Complaint.  The Trustees aver that the Plaintiff filed for Social Security Disability Insurance ("SSDI") benefits on March 28, 2007.

17. The Trustees admit that an Administrative Law Judge of the Social Security Administration rendered a decision finding that the Plaintiff had been under a disability beginning on March 21, 2007 based on "disorders of the back (discogenic and degenerative), neuropathy, and obesity."  The Trustees deny that the decision labeled the disability as "permanent." The Trustees aver that the decision defined disability as the "inability to engage in an substantive gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that…can be expected to last for continuous period of not less than 12 months."

18. The Trustees admit that Plaintiff was examined by David R. Lange, M.D. on June 19, 2009 for an independent spine evaluation.  The Trustees lack the information to admit or deny who requested the examination.  The Trustees admit that Dr. Lange provided that

5

the Plaintiff presented with residual mechanical low back pain and right lower extremity symptoms consistent with a persistent right L5 radiculopathy and right lateral femoral cutaneous neuropathy. The Trustees admit that Dr. Lange gave his opinion that the Plaintiff's current treatment was "indirectly related to the original injury and the treatment to address the initial 2003 injury." The Trustees admit that Dr. Langue recommended the usage of a spinal cord simulator trial. The Trustees deny any remaining allegations set forth in Paragraph 18 of the Complaint.

19. The Trustees admit that Plaintiff underwent a Percutaneous Insertion of Trial Spinal Cord Stimulator on November 5, 2009. The Trustees lack the information to admit or deny whether the Plaintiff underwent another surgery in January 2010 for permanent implantation of a spinal cord stimulator.

20. The Trustees admit that the Plaintiff applied for disability pension benefits from the 1974 Pension Trust on or about May 21, 2015. The Trustees deny that the Plaintiff is totally disabled as a result of the mine accident on December 16, 2003. The Trustees deny any remaining allegations set forth in Paragraph 20 of the Complaint.

21. The Trustees admit that the Plaintiff submitted various medical records in support of his appeal of his disability pension denial from the 1974 Pension Trust. The Trustees aver that several medical records that were referenced within the administrative record were not provided by the Plaintiff. The Trustees deny that the Plaintiff submitted the complete depositions of David Mack, M.D. and Vittal Chapa, M.D. in support of his appeal. The Trustees aver that the Plaintiff submitted excerpts of the depositions, specifically choosing to omit almost all of the cross and re-cross examinations. The Trustees deny that Dr. Mack testified that Plaintiff's low back condition and multiple surgeries were

proximately caused by the December 16, 2003 mine accident. The Trustees aver that Dr. Mack's deposition was taken on September 9, 2004, two and a half years prior to the Plaintiff's March 21, 2007 surgery. The Trustees deny that Dr. Chapa testified that Plaintiff's low back condition and multiple surgeries were proximately caused by the December 16, 2003 mine accident. The Trustees aver that Dr. Chapa's deposition was taken on January 4, 2005, over two years prior to the Plaintiff's March 21, 2007 surgery.

22. The Trustees admit that the 1974 Pension Trust denied Plaintiff's appeal of his denial of disability pension benefits under the 1974 Pension Plan following his submission of medical documentation and Social Security Administration documentation showing he was receiving SSDI benefits. The Trustees deny that the Plaintiff was disabled as the result of a mine accident.

23. The Trustees deny the allegations set forth in Paragraph 23 of the Complaint. Further responding to the allegations of the Complaint, Defendant Trustees deny each and every allegation not expressly admitted and deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## THIRD DEFENSE

The Defendants' decision to deny Plaintiff's application for a disability pension is in accordance with the terms of the 1974 Pension Plan, is supported by substantial evidence, is not arbitrary or capricious, nor an abuse of discretion, and is in accordance with the law.

WHEREFORE, the Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in their favor, with all costs, including attorneys' fees, as authorized by 29 U.S.C. § 1132(g), to be assessed against Plaintiff, and such other and further relief as this Court deems appropriate.

Respectfully submitted,

s/Greg Campbell
GREG CAMPBELL (Lead Counsel)
Greg A. Campbell, MO 35381
Hammond and Shinners, PC
7730 Carondelet, Ste 200
Clayton, MO 63105
(314)727-1015
gcampbell@hammondshinners.com

By: s/Emily R. Perez
EMILY R. PEREZ
Emily R. Perez, MO 62537
Hammond and Shinners, PC
13205 Manchester Road, Ste. 210
St. Louis, MO 63131
Telephone: 314-727-1015
eperez@hammondshinners.com

s/Abigail A. Petouvis
ABIGAIL A. PETOUVIS
Assistant General Counsel
UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: 202-521-2357
apetouvis@umwafunds.org

COUNSEL FOR DEFENDANTS

**Certificate of Service**

I hereby certify that on August 7, 2018, the foregoing was filed electronically with the court and served via the ECF filing system to all participating parties.

s/ Greg A. Campbell