E-FILED
Thursday, 04 March, 2021 08:21:08 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **WILLIAM R. SHARP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-cv-03056** |
| | ) | |
| **TRUSTEES OF THE UMWA 1974 PENSION TRUST,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Plaintiff William R. Sharp's Petition for Attorney's Fees and Costs (d/e 33). For the reasons discussed below, Plaintiff's Petition is GRANTED. Plaintiff is awarded attorney's fees in the amount of $64,750.00, costs totaling $400.00, and prejudgment interest totaling $25,148.78.

## I. BACKGROUND

In March 2018, Plaintiff filed a Complaint (d/e 1) against the Trustees of the United Mine Workers of America 1974 Pension Trust seeking to recover disability benefits under a pension plan governed by the provisions of the Employee Retirement Income Security Act

of 1974 ("ERISA"). Plaintiff filed an Amended Complaint (d/e 16) in August 2018, and in October 2018 the parties filed opposing motions for summary judgment (d/e 19, 21). Plaintiff alleged that he had injured his low back in a workplace accident that occurred while he was employed by a signatory company to the United Mine Workers of America 1974 Pension Plan ("Plan"), that he was entitled to disability benefits under the Plan as a result of this injury, and that Defendants' denial of his 2015 application for disability benefits was therefore arbitrary and capricious. Defendants argued that Plaintiff had not proven that the mine accident in question was substantially responsible for his disability and that Defendants' decision to deny Plaintiff disability benefits had therefore not been arbitrary and capricious. In February 2020, this Court issued an Opinion (d/e 31) finding that Plaintiff's 2003 mine injury had aggravated a preexisting back condition and thereby rendered him disabled. The Court rejected Defendants' argument that Plaintiff was not eligible for disability benefits under the Plan unless the 2003 injury was "substantially responsible" for Plaintiff's disability. The Court also held that Defendants' interpretation of the Plan during the administrative proceedings that followed Defendants'

2016 denial of Plaintiff's application for disability benefits was arbitrary and capricious. The Court granted summary judgment in Plaintiff's favor and awarded Plaintiff disability benefits under the Plan.

In March 2020, Plaintiff filed the pending Motion for Attorney's Fees and Costs (d/e 33). Plaintiff initially sought $70,065.00 in attorney's fees, as well as $400.00 in costs and $44,898.76 in prejudgment interest. See d/e 34, pp. 1, 6, 8. Plaintiff has since revised his initial request and now seeks $64,750.00 in attorney's fees, $400.00 in costs, and $25,148.78 in prejudgment interest. See d/e 41. Plaintiff's requested attorney's fee award represents a total of 185 billable hours at a rate of $350.00 per hour. See d/e 41–2. Plaintiff supports the request with an affidavit filed by Grady E. Holley, one of Plaintiff's attorneys (d/e 33–1), a sworn declaration of attorney John A. Baker regarding the market value of the services rendered by Plaintiff's counsel (d/e 33–5), and a detailed invoice listing the hours expended on this litigation by Plaintiff's attorneys (d/e 41–2).

Defendants have filed a Response (d/e 36) arguing that attorney's fees should not be awarded because Defendants'

position, though ultimately unsuccessful, was substantially justified and taken in good faith. Defendants also argue that if attorney's fees are awarded the hourly rate should be set at between $210 and $250 per hour and that prejudgment interest should not be awarded in this case.

## II. ANALYSIS

### A. Plaintiff is Entitled to Reasonable Attorney's Fees

In ERISA litigation, a plaintiff who achieves "some degree of success on the merits" is eligible for an award of attorney's fees. Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010). Once eligibility is established, the Seventh Circuit "has recognized two tests for analyzing whether attorney's fees should be awarded to a party in an ERISA case." Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wisconsin, Inc., 657 F.3d 496, 505 (7th Cir. 2011). The first of these is a five-factor test in which a district court evaluates: (1) the degree of the losing parties' culpability; (2) the degree of the losing parties' ability to satisfy an award of attorney's fees; (3) whether or not an award of attorney's fees against the losing parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of

the pension plan as a whole; and (5) the relative merits of the parties' positions. Raybourne v. Cigna Life Ins. Co. of New York, 700 F.3d 1076, 1090 (7th Cir. 2012). The second test "looks to whether or not the losing party's position was substantially justified." Kolbe, 657 F. 4d at 506 (quoting Quinn v. Blue Cross & Blue Shield Ass'n, 161 F.3d 472, 478 (7th Cir. 1998)). The Seventh Circuit has observed that the five-factor test is used to "structure or implement" the substantial justification test. Raybourne, 700 F.3d at 1090 (citing Kolbe, 657 F.3d at 506).

Here, Defendants do not dispute that Plaintiff has achieved some degree of success on the merits for purposes of attorney's fee award eligibility. The parties agree that the Court should implement the five-factor test and/or the substantial justification test to determine whether Plaintiff is entitled to reasonable attorney's fees. See d/e 34, pp. 2–5; d/e 36, p. 2. Because both tests weigh in favor of an award, the Court finds that Plaintiff is entitled to reasonable attorney's fees.

Defendants' position was not substantially justified. As this Court stated in its February 2020 Opinion (d/e 31), Defendants' decision to deny Plaintiff disability benefits was arbitrary and

capricious. Defendants' position that Plaintiff was entitled to disability benefits under the Plan only if the 2003 injury was "substantially responsible" for his disability was inconsistent with the plain and unambiguous language of the Plan. See d/e 31, pp. 42–51 (Discussing the arbitrary and capricious standard in the ERISA context and finding Defendants' interpretation of the Plan to be arbitrary and capricious); see also Young v. Verizon's Bell Atl. Cash Balance Plan, 748 F. Supp. 2d 903, 913 (N.D. Ill. 2010) (holding that ERISA plan administrator's interpretation of plan was not substantially justified where interpretation was inconsistent with plain language of plan).

The five-factor test also weighs in favor of awarding attorney's fees. The first factor, Defendants' culpability, is neutral. While there is little cause to believe that Defendants acted in bad faith, a finding of bad faith is not necessary to support an award of attorney's fees. See Raybourne, 700 F.3d at 1090 n.6. While a finding that a plan administrator made an arbitrary and capricious decision does not necessarily mean that the decision was "wholly unjustified," see Quinn, 161 F.3d at 479, culpability analysis under the first factor favors the plaintiff when a plan administrator

"negligently or ignorantly construes unambiguous plan terms." Young, 748 F. Supp. 2d at 913.

With respect to the second factor, the losing parties' ability to pay, Defendants concede that the UMWA 1974 Pension Trust ("Trust") "unquestionably has assets to cover an award of attorney's fees to Mr. Sharp." D/e 36, p. 5. District courts in the Seventh Circuit have uniformly held that the second factor weighs in favor of the individual Plaintiff who seeks attorney's fees from a multibillion-dollar entity with ample ability to pay. See, e.g., Holmstrom v. Metro. Life Ins., Co., No. 07-CV-6044, 2011 WL 2149353, at *3 (N.D. Ill. May 31, 2011); Young, 748 F.Supp.2d at 915 ("ERISA defendants will almost always have the ability to pay attorney's fees"). Defendants argue that the Trust is underfunded and that an award of attorney's fees to Plaintiff would therefore harm other Plan participants, but any harm that might result from a future shortfall in funding is too abstract and contingent a prospect to justify the denial of an attorney's fee award that Plaintiff is presently entitled to. See Sullivan v. William A. Randolph, Inc., 504 F.3d 665, 671 (7th Cir. 2007) ("[S]ince an award of attorneys' fees will rarely be big enough to affect a pension plan's solvency, rarely will there be

cause for concern that an award of attorneys' fees may reduce the benefits of the innocent participants and beneficiaries of the plan.”). Therefore, the second factor weighs in favor of a fee award.

The third factor, whether an award of attorney’s fees would deter other persons acting under similar circumstances, weighs in favor of an award as well. Fee awards in cases like the case at bar provide an additional disincentive against arbitrary and capricious denials of disability benefits by plan administrators. See Egert v. Connecticut Gen. Life Ins. Co., 768 F. Supp. 216, 218 (N.D. Ill. 1991) (“Fees are justified in this case because the possibility of paying attorney's fees may well deter plan administrators from developing unreasonable interpretations of ERISA plans as a means of wrongfully denying coverage to plan participants.”)

The fourth factor, benefit to other members of the pension plan, is “largely irrelevant” in individual disputes like the one at bar. Raybourne v. Cigna Life Ins. Co. of New York, No. 07 C 3205, 2011 WL 528864, at *2 (N.D. Ill. Feb. 8, 2011), aff'd, 700 F.3d 1076 (7th Cir. 2012). Therefore, the fourth factor does not favor either party.

The fifth factor, the relative merits of the parties' positions, weighs in favor of an award. See Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n, 188 F. Supp. 3d 776, 786 (N.D. Ill. 2016) (holding that the fifth factor favors the winning party). Furthermore, for the reasons discussed above in connection with the "substantially justified" test and Defendants' culpability, the difference between the merits of the parties' positions in this case was significant. While Defendants' position was not frivolous or in bad faith, it was based on an arbitrary and capricious misinterpretation of an unambiguous Plan provision. See Young, 748 Supp.2d at 914 ("Defendants' attempt to unilaterally rewrite the Plan's plain language lacked merit.")

In summation, the first factor is neutral, the fourth factor is irrelevant, and the remaining three factors weigh in favor of a fee award. Therefore, the "modest presumption" in favor of awarding fees to the prevailing party in ERISA cases has not been rebutted here. See Stark v. PPM Am., Inc., 354 F.3d 666, 673 (7th Cir. 2004). On balance, Defendants' position was not substantially justified and an award of reasonable attorney's fees is appropriate.

**B. A Reasonable Market Rate for Services Rendered by Plaintiff's Attorney is $350.00 per hour**

When calculating an ERISA attorney's fees award, courts generally begin by calculating the "lodestar" amount. The lodestar is equal to the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See Stark, 354 F.3d at 674. Here, the parties have agreed that the 185 billable hours asserted in the revised invoice submitted by Plaintiff (d/e 41–2) reflect the hours reasonably expended by Plaintiff's counsel on this case. See d/e 41, ¶ 2. The lodestar in this case will therefore be equal to 185 multiplied by a reasonable hourly rate for the services of Plaintiff's attorneys in this case.

The party seeking fees bears the burden of proving the reasonableness of the hourly rate charged. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999). The reasonableness of an hourly rate is determined with reference to the market rate for the services rendered. Id. at 555. If the party seeking fees meets his burden, the burden shifts to the opposing party to demonstrate why a lower rate should be awarded. Id. (citing People Who Care v. Rockford Bd. of Educ., Sch. Dist. No.

205, 90 F.3d 1307, 1313 (7th Cir. 1996)). If the party seeking fees does not meet his burden, then the Court "has the authority to make its own determination of a reasonable rate." Pickett v. Sheridan Health Care Center, 664 F.3d 632, 640 (7th Cir. 2011) (citing Uphoff v. Elegant Bath, Ltd., 176 F. 3d 399, 409 (7th Cir. 1999)).

Here, Attorney Grady E. Holley has submitted an affidavit stating, in relevant part, that: (1) he is not aware of any attorneys in the Springfield area who regularly represent plaintiffs in ERISA disability claims litigation; (2) that his law firm "typically average[s] in excess of $350.00 per hour in contingency fee personal injury litigation in central Illinois"; and (3) that he believes the rate of $350.00 to be reasonable "given the hourly rates . . . for general litigation in central Illinois." Plaintiff has also submitted an affidavit sworn by Attorney John A. Baker, who states that he is qualified to opine as to the reasonable hourly rate for attorneys working on "employment and civil rights matters" in central Illinois by virtue of his experience and knowledge of the local legal market. Attorney Baker states that, in his opinion, $350.00 is a reasonable hourly rate for the services rendered by Plaintiff's attorneys.

Plaintiff also points towards the fee award in Boxell v. Plan for Grp. Ins. of Verizon Commc'ns, Inc., where a district court in the Fort Wayne Division of the Northern District of Indiana found that a reasonable hourly rate for ERISA litigation in that area was $450.00. No. 1:13-CV-089 JD, 2015 WL 4464147, at *8 (N.D. Ind. July 21, 2015)

The Court finds that Plaintiff's attorneys have carried their burden and proved that their requested rate is reasonable. While Plaintiff's attorneys have not produced actual evidence of the hourly rates charged by or awarded to comparable local attorneys for work on ERISA cases, Defendant has not produced such evidence either. Given the apparent rarity of ERISA litigation in the Springfield, Illinois area, the absence of direct evidence of the market value of Plaintiff's attorneys' legal services is understandable.

Defendants argue that Boxell is an inappropriate point of comparison because the Fort Wayne Division of the Northern District of Indiana is approximately 300 miles away from Springfield. See d/e 36, pp. 7–8. However, the court in Boxell noted that ERISA litigation is a "specialized and national practice area," and that in such practice areas the market rate should be

determined with reference to the rates charged by the national community of practitioners in the subject area rather than with reference to the rates charged by local attorneys generally. Boxell, 2015 WWL 4464147, at *9 (citing Jeffboat, LLC v. Director, Office of Workers' Compensation Programs, 553 F.3d 487, 490 (7th Cir.2009). In Boxell, Plaintiff had hired out-of-state counsel from Chicago and California who specialized in ERISA cases, and here Plaintiff's attorneys do not run a specialized national ERISA litigation practice. This difference justifies a downwards departure from the hourly rate awarded in Boxell. Therefore, where the court in Boxell awarded an hourly rate of $450.00 in 2015 dollars, Plaintiff's attorneys have requested and will receive an hourly rate of $350.00.

After considering the national and local points of comparison raised by counsel, the legally complex nature of ERISA litigation generally and the issues raised in the case at bar, and the Court's own experience and judgment regarding the prevailing local rates for the kinds of legal services provided, the Court finds that a reasonable hourly rate for the services of Plaintiff's attorneys in this case is $350.00 per hour. See Lynch v. City of Milwaukee, 747 F.2d

423, 428 (7th Cir. 1984) (observing that district court may properly use its "knowledge of the prevailing rates charged in the area" to determine reasonable hourly rate). The lodestar amount in this case is therefore 185 multiplied by $350.00, or $64,750.00.

Having determined the lodestar, this Court may adjust the fees based on the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

The Court has taken these factors into account in determining the appropriate hourly rate. Given the rate applied, the lodestar amount is a reasonable fee award in this case. Therefore, no further adjustment is necessary.

**C. Plaintiff is Entitled to Prejudgment Interest in the Amount of $25,148.78.**

In the Seventh Circuit, "a presumption in favor of prejudgment interest awards is specifically applicable to ERISA cases." Rivera v. Benefit Trust Life Ins. Co., 921 F.2d 692, 696 (7th Cir. 1991). The purpose of awarding prejudgment interest is to ensure that a plaintiff is fully compensated for his loss by placing him in the position he would have been in if he had been paid immediately upon accrual of his claim. Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc., 325 F.3d 924, 935 (7th Cir. 2003). Here, there is no equitable reason to depart from the default assumption that prejudgment interest is appropriate. Defendants' legal arguments as to the applicable causation standard were not so meritorious that it would be inequitable to award prejudgment interest.

The amount of prejudgment interest to which Plaintiff is entitled depends on the period during which prejudgment interest accrued. Prejudgment interest is generally calculated "from the time the payment should have been made," i.e., from "a reasonable time after plaintiff notified defendants of [plaintiff's] claim." See

Hizer v. General Motors Corp. et al., 888 F. Supp. 1453, 1465 (S.D. Ind. 1995). Plaintiff filed his application for disability pension benefits with Defendants on March 27, 2015, and Defendants denied his request on July 26, 2016. See id.

Plaintiff's counsel sent a copy of the decision of the Social Security Administration granting Plaintiff disability benefits to Defendants on May 21, 2015. In the Court's view, this date—May 21, 2015—is the earliest time at which Defendants should have known that Defendant was entitled to disability benefits, and the date on which Plaintiff might reasonably have expected to begin receiving disability benefits. Therefore, Plaintiff is entitled to compounding interest at the prime rates agreed to by the parties on the principal amounts agreed to by the parties for the period from May 21, 2015 to February 20, 2020. See d/e 36–6. Therefore, the total amount of prejudgment interest to which Plaintiff is entitled is $25,148.78. See d/e 41–1.

## III. CONCLUSION

For the reasons stated, Plaintiff's Petition for Attorney's Fees and Costs (d/e 33) is GRANTED. Plaintiff is awarded attorney's fees in

the amount of $67,750.00. Plaintiff is also awarded costs totaling $400.00 and prejudgment interest totaling $25,148.78.

ENTER: March 3, 2021

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE